UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Premier Low Voltage, et al.,

    Plaintiffs,

v.                                                                    Case No.: 14-14578

Automated Controls & Engineering, LLC,         Honorable Sean F. Cox
et al.,

    Defendants.
_____/

**ORDER STRIKING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**

Plaintiffs filed this action on December 3, 2014, asserting civil RICO and other fraud-related claims against Defendants. (Complaint, Doc. #1).

On July 28, 2015 at 3:53 p.m., Defendants James L. Carey ("Carey) and Automated Controls & Engineering, LLC ("ACE") filed an Answer to Plaintiffs' Complaint. (Answer, Doc. #25). Also on July 28, 2015, at 3:56 p.m., Defendants Carey and ACE filed a joint "Motion to Dismiss or to Make More Definite and Certain." (Mo. to Dismiss, Doc. #26).

In their motion to dismiss, Carey and ACE argue that 1) Plaintiffs' Complaint should be dismissed pursuant to Civil Rule 12(b)(6) because Plaintiffs have failed to state a claim upon which relief may be granted, and 2) in the alternative, "Plaintiffs should be ordered to file an amended complaint making their allegations . . . more definite and certain as to the ACE Defendants." (Defs.' Motion at 2–3).

Carey and ACE's motion is premised, in part, on Civil Rule 12(b). Civil Rule 12(b) provides, in pertinent part:

> (b) **How to Present Defenses.** Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> . . . .
>
> (6) failure to state a claim upon which relief may be granted.
>
> A motion asserting any of these defenses *must be made before pleading* if a responsive pleading is allowed . . . .

Fed. R. Civ. P. 12(b)(6) (emphasis added).

Carey and ACE's motion is also premised, in part, on Civil Rule 12(e). It provides, in pertinent part:

> (e) **Motion for a More Definite Statement.** A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. *The motion must be made before filing a responsive pleading* and must point out the defects complained of and the details desired . . . .

Fed. R. Civ. P. 12(e) (emphasis added).

Defendants filed their "Motion to Dismiss or to Make More Definite and Certain" on July 28, 2015, (Doc. #26), approximately three minutes after they filed their Answer to Plaintiff's Complaint. (Doc. #25). Therefore, Defendants did not file their Motion to Dismiss "before pleading," as required by Civil Rule 12(b). Further, Defendants did not move for a more definite statement "before filing a responsive pleading," as required by Civil Rule 12(e). Accordingly, the Court shall STRIKE Defendants' Motion to Dismiss or to Make More Definite and Certain (Doc. #26) for failure to comply with Federal Rules of Civil Procedure 12(b) and 12(e).

**IT IS SO ORDERED.**

S/Sean F. Cox  
Sean F. Cox  
Dated: August 26, 2015          United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Premier Low Voltage, et al.,

    Plaintiffs,

v.                                                                                    Case No.: 14-14578

Automated Controls & Engineering, LLC,    Honorable Sean F. Cox
et al.,

    Defendants.
_____/

PROOF OF SERVICE

    I hereby certify that a copy of the foregoing document was served upon counsel of record on August 26, 2015, by electronic and/or ordinary mail.

                            S/Jennifer McCoy
                            Case Manager